UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADEAN DENT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELVA LOPEZ, M.D., et al.<br><br>　　　　　Defendants. | 1:14-CV-442-LJO-SMS<br><br>MEMORANDUM DECISION AND ORDER RE FINDINGS AND RECOMMENDATIONS (Doc. 23) AND PLAINTIFF'S EX PARTE MOTION (Doc. 24) |

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Nadean Dent brought this suit against Defendants Elva Lopez, M.D. ("Dr. Lopez"), C.R. Bard, Inc., and Davol, Inc. (collectively, "the removing Defendants" or "Bard"), Sofradim Productions SAS, and Does 1-100 for injuries she allegedly suffered as a result of a surgery implanting pelvic mesh that Dr. Lopez performed on Plaintiff. Doc. 1 at Plaintiff originally filed her suit in Kern County Superior Court, which Bard removed to this Court on March 26, 2014 on diversity of citizenship grounds because Plaintiff and Dr. Lopez are California citizens and the remaining Defendants are corporations organized and existing under the laws of New Jersey. *Id.* at 1, 6. Bard argued that Dr. Lopez was "fraudulently misjoined . . . and thus [her] presence will not defeat diversity." *Id.* at 7 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1343, 1360 (11th Cir. 1996)).

Plaintiff moved to remand for lack of complete diversity between the parties. Doc. 8. On July 7, 2014, the Magistrate Judge granted Plaintiff's motion and remanded the case to the Superior Court of California for Kern County. Doc. 20 ("the July 7, 2014 order"). Doc. 20 at 15. The Magistrate Judge also ordered removing Defendants to pay Plaintiff's attorneys fees and found removing Defendant's

1

motion to stay this case to be moot. *Id.*

Bard filed a motion for reconsideration of the Magistrate Judge's order. Doc. 21. Bard argued that the Magistrate Judge did not have jurisdiction to remand the case because Defendants had not consented to the jurisdiction of the Magistrate Judge and that the case should be stayed pending its transfer to a relevant pelvic mesh Multidistrict Litigation ("MDL") case. *Id.* at 7, 13. *See In re C.R. Bard., Inc., Pelvic Repair Sys. Prods. Liab. Litig.* (MDL No. 2187). Bard further argued that the award of attorney's fees was not warranted because its decision to remove this case was objectively reasonable. *Id.* at 13.

The Magistrate Judge vacated the July 7, 2014 order and issued Findings and Recommendations ("F&Rs"). *See* Docs. 22 and 23 ("F&Rs"). The F&Rs recommended that this case be remanded to the Superior Court of California for Kern County on the ground this Court is without subject matter jurisdiction due to a lack of complete diversity because of Dr. Lopez's California citizenship. F&Rs at 13. In making this recommendation, the Magistrate Judge rejected Bard's argument that Dr. Lopez had been "fraudulently misjoined" under *Tapscott*, 77 F.3d 1343, in order to destroy diversity. *See* Doc. 21 at 11. The Magistrate Judge therefore recommended an award of attorney's fees for Plaintiff because Bard's decision to remove lacked an objectively reasonable basis. *Id.* at 15.

Plaintiff filed an ex parte motion on July 24, 2014. Doc. 24. Plaintiff requests that the Court either reinstate the Magistrate Judge's order dismissing the case or adopt the F&Rs. *Id.* at 3.

On July 28, 2014, Bard filed objections to the F&Rs. Doc. 26. Bard argues that the Magistrate Judge's award of attorney fees was improper because its removal of this case was "objectively reasonable." *Id.* at 5, 8. Bard requests a stay of this action pending transfer to the MDL. Bard asserts that "judicial economy and consistency of results favor staying actions," including this one. *Id.* at 11-12. Plaintiff filed a response to Bard's objections on July 28, 2014. Doc. 27.

## II. DISCUSSION

**A.    Whether to Remand or Stay This Case.**

The Court has conducted a *de novo* review of the entire record. 28 U.SC. § 636(b)(1)(B); Local

2

Rule 305; Fed. R. Civ. P. 72(b)(3). As the Magistrate Judge recognized, before the Court can determine whether to remand or stay the action, the Court must resolve whether it has jurisdiction or whether that issue should be reserved for the MDL Panel's determination. F&Rs at 4. Another court in this district recently recognized that there is a

> lack of consensus on th[is] issue. District courts in the Ninth Circuit and even courts in this district have reached opposite conclusions. *Compare Alanis v. Pfizer*, No. 1:14–cv–00365 LJO MJS, 2014 WL 1711702, at *2 (E.D. Cal. May 1, 2014) (addressing the motion for a stay even though a motion for remand was pending and discussing the question of the proper order) *with K.E.R. v. Pfizer, Inc.*, No. CIV–S13–1401 LKK/AC, 2013 WL 5755076, at *2 (E.D. Cal. Oct. 23, 2013) (remanding a case even though a motion to stay was pending without addressing the question of the proper order); *see also Hatherley v. Pfizer, Inc.*, No. CIV 1:13–00719–WBS–CKD, 2013 WL 3354458, at *9 (E.D. Cal. Jul.3, 2013) (remanding case despite the pendency of a motion to stay without addressing the question of the proper order); *Rubio v. Arndal*, No. 1:13-cv-0027 LJO BAM, 2013 WL 796669, at *4–5 (E.D. Cal. Mar. 4, 2013) (granting a stay despite the pendency of a motion to remand after rejecting the idea that the jurisdictional issues presented by the remand must be decided first). Some courts have observed that "[w]here a motion to remand and a motion to stay are pending, courts have held that 'deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.' " *Alanis*, 2014 WL 1711702, at *2 (quoting *Rifenberry v. Organon USA, Inc.*, No. 13–cv–05463–JST, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014)).

*Weaver v. Pfizer, Inc.*, No. 2:14-CV-818 KJM KJN, 2014 WL 2002212, at *3 (E.D. Cal. May 15, 2014). The Court in *Weaver*, for instance, found "the latter consideration persuasive" and stayed the case. *Id.* Likewise, on substantially similar operative facts to those present here, this Court recently adopted a Magistrate Judge's recommendation to stay a case pending its transfer to a MDL case instead of remanding it, despite a lack of complete diversity. *See Alanis*, No. 14-CV-365-LJO-MJS, Doc. 22 (adopting in full *Alanis*, 2014 WL 1711702).

      The Magistrate Judge found, however, that "the great majority of factually similar cases in [the Ninth Circuit]" have held "that a district court should first address the jurisdictional issue" before deciding whether to stay a case. Upon further review and consideration, the Court finds the logic of these decisions persuasive. *See, e.g.*, *Perry v. Luu*, No. 1:13-CV-729-AWI-JLT, 2013 WL 3354446, at *5-6 (E.D. Cal. July 3, 2013) (remanding for lack of diversity in spite of the defendants' allegations of fraudulent misjoinder). The Court agrees with the Magistrate Judge's recommendation to abide by "its historical obligation to determine jurisdiction before taking adjudicative action." F&Rs at 7.

Accordingly, the Court ADOPTS the Magistrate Judge's recommendation and REMANDS this case to the Superior Court of California for Kern County, from where it was removed, for the reasons set forth in the F&Rs.

**B.     Attorney's Fees.**

The Magistrate Judge recommended awarding attorney's fees to Plaintiff on the ground "removing Defendants lacked an objectively reasonable basis for seeking removal." F&Rs at 15. The Magistrate Judge found that removing Defendants "made strategic decision to rely on an Eleventh Circuit case[, *Tapscott*, 77 F.3d 1343,] about which much has been written within this circuit" in spite of the fact that "[a]mple case law exists within the circuit illustrating that the Ninth Circuit has not adopted the doctrine attributed to *Tapscott*." *Id.*

Removing Defendants argue that removal was objectively reasonable because other courts, including ones in this district, have permitted removal on similar operative facts. Doc. 26 at 9-10. Specifically, removing Defendants rely on *Rubio*, 2013 WL 796669, to support their claim that removal was objectively reasonable. *Id.* at 10. In *Rubio*, the plaintiff, a California citizen, filed suit against a pelvic mesh manufacturer and her physician, also a California citizen, in California state court. 2013 WL 796669, at *1. The defendants removed the case to federal court, arguing that the plaintiff fraudulently joined her physician in order to destroy complete diversity and avoid federal court jurisdiction. *Id.* The plaintiff moved to remand the case while the defendants moved to stay the case pending its transfer to MDL proceedings. *Id.* at *2.

The Court stayed the case. *Id.* at *6. The Court noted that "the Eastern District [of California] as well as other courts are split on the validity of the 'fraudulent misjoinder doctrine' in the Ninth Circuit." *Id.* at *5. The Court therefore found that "it [was] not obvious that the removal was improper," but found that it was "obvious . . . that the 'fraudulent misjoinder' jurisdictional question . . . is both factually and legally difficult." *Id.*

Given the difference in opinion between courts in the Ninth Circuit with regard to the fraudulent misjoinder doctrine, the Court cannot find that Bard lacked an objectively reasonable basis for seeking

4

removal or relying on *Tapscott*. *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 504 (2008) ("The District Courts, including those in the Ninth Circuit, are split concerning the applicability of the *Tapscott* fraudulent misjoinder exception and the basis upon which it is applied. District Court cases in the Ninth Circuit have also split.") (collecting cases); *Weaver*, 2014 WL 2002212, at *3. As noted above, the undersigned recently adopted a Magistrate Judge's recommendation to stay an action pending transfer to MDL proceedings instead of remanding the case despite a lack of complete diversity between the parties. *See Alanis*, No. 14-CV-365, Doc. 22 (adopting in full *Alanis*, 2014 WL 1711702). With more information, both factual and legal, different results can and should occur on close legal issues. Such is the case here. Accordingly, the Court finds that an award of attorney's fees to Plaintiff is not warranted here.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court ADOPTS IN PART the Magistrate Judge's F&Rs (Doc. 23). The Court ORDERS that

1. Plaintiff's motion to remand (Doc. 8) is GRANTED. The Court REMANDS this case to the Superior Court of California for Kern County, from which it was removed; and

2. Defendants' motion to stay (Doc. 7) and Plaintiff's ex parte motion to reinstate order (Doc. 24) are DISMISSED AS MOOT and all pending dates are VACATED; and

3. The Clerk of Court is DIRECTED to CLOSE the file and terminate the federal case.

IT IS SO ORDERED.

Dated:  **July 30, 2014**            /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE